IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

———————

FILED

2022 MAR 14 PM 12: 12

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

CARMONA-COUVERTIER HECTOR,                )

    Petitioner                )

vs.                )    Civil Action No. 5:22-cv-136-PGB-
(to be assign by Clerk)    PRL

STEPHEN CLEMENTS - FCC WARDEN,    )

    Respondent.    )
_____/

EXPEDITED HABEAS CORPUS PETITION PURSUANT
TITLE 28, UNITED STATES CODE, SECTION 2241, 2243

———————

**COMES NOW,** the Petitioner, Carmona-Couvertier Hector, Pro Se, and
respectfully moves this Court to issue an Order, directing Warden Clements
at the Federal Correctional Complex-Low, located in Sumterville, Florida,
to release[d] him immediately because he have served term of imprisonment
more than require[d] by both sovereigns and thus, "his confinement is now
in violation of Federal Laws or United States Constitution. 18 U.S.C.§3585
(b), and Programt Statement 5160.05.

    This Court has jurisdiction over this matter. Petitioner, is a federal
prisoner seeking to challenging the manner, location, or conditions of
his sentence's execution and therefore must proceed with a Habeas Corpus,
brought pursuant to §2241, in the Court that has jurisdiction over the
prison in which he is incarcerated. Furthermore, the records will demonstrates
that Petitioner has fully exhaust his administrative remedies. Although,

-1-

the Bureau of Prisons ("BOP") have failed to timely response to his BP 11
and Regional Central Office that is responsible for awarding time credit
for serving time in another sovereign jurisdiction in Grand Prairie, Texas,
also contributing to the Petitioner's illegal or unlawful detention because
intentionally delays in awarding credit . Otherwise, had the BOP's correctly
grant[ed] the Petitioner's his credit served in State custody he would had
completed serving his term of imprisonment in 2018. Petitioner custody is
now in violation of Federal Laws or United States Constitution. As a result[ed]
the Petitioner's is entitled to remedy in law in order to relief him from
unlawful or illegal confinement.

The Petitioner's submits this memorandum brief in support of his
habeas corpus petition under §2241.

_____3-4-22_____          _____Heath L C_____
         DATE                          PETITIONER

## AFFIDAVIT

I HEREBY CERTIFY that the above stated matters in the Petition for
Writ of Habeas Corpus are true and correct to the best of my information,
knowledge and belief.

                              _____Heath L. C_____
                                    PETITIONER

-2-

MEMORANDUM BRIEF
STATEMENT OF CASE

**PURSUANT,** to a plea agreement, Petitioner pled guilty to one count of
violating 21 U.S.C.§846 conspiracy to distribute methamphetamine and one
count of money laudering a violation of 18 U.S.C.§1956 (A)(1)(I) in the
U.S. District Court, Puerto Rico, on January 12,2012, Case Number 09CR00173-
014, receiving a sentence of 120 months.

On November 3,2009 after the arrest[ed] on the above Federal charged
in Federal Court the Petitioner's were released on Federal Bond. While
released on Federal Bond the Petitioner was arrested by state authorities
on December 28,2011. On December 29,2011, due to the October 2,2009 Federal
arrest[ed] in Criminal Case Number 09CR00173-014, the Petitioner's was
taken back into Federal custody by United States Marshal Service. After
serving nearly 4 years in Federal custody on federal conviction based upon
issuance of habeas corpus the petitioner's was borrow from Federal authority
by State authority of Puerto Rico for purpose[s] prosecution on pending
state charge[s], which the petitioner was eventually sentenced to 8 years.

Subsequently, after receiving 8 years term of imprisonment on State
authority charges in Puerto Rico the Petitioner's was not return[ed] back
to Federal custody and as a result[ed] on July 9,2019 was released from
State authority custody after serving his state sentence.

After being discharged by State au thority in Puerto Rico back into
community the United States Marshal rearrested the petitioner on Federal
warrant because he had not finish[ed] the Federal sentence imposed by the
U.S.District Court in Criminal Case Number 09CR00173-014. In fact, the
petitioner's had served approximately 4 years prior to being loan to the

-3-

state authorities in Puerto Rico on his Federal conviction.

The controversy in this case begin[s] when the petitioner was loan to State of Authorities in Puerto Rico and after his sentence by that State Court he was not return[ed] back to Federal Custody as mandate[d] by writ. Otherwise, Petitioner's was allow[ed] to complete[d] serving of 8 years state sentence and was eventually release[d] by Puerto Rico state au thorities prior to completion of 120 months term of imprisonment imposed by United States District in Puerto Rico Federal Court. Despites fact that Petitioner's was not returned back to Federal custody as mandate[d] by State Writ and completion of the 8 year[s] term of imprisonment the four (4) years served on federal sentence prior to being loan to state authority must be credit toward Federal sentence because Federal authority had jurisdiction first on November 3,2009 after he was first arrested and was release[d] on Federal bond.

Given fact[s] that Federal Government had primary jurisdiction over the Petitioner on November 3,2009 and started the federal sentence on April 15, 2010 prior to State prosecution on February 20,2015 i.e. which mean[s] that petitioner had served nearly five years in Federal custody, the Bureau of Prisons lacked authority to stop federal sentence that original commenced on April 15,2020 nearly five years after Federal sentence was imposed. For purposes of Federal sentence, the sentence was completed on October 15,2019, making Petitioner's detention unlawful or in violation of the United States Constitution. That is, when two different sovereigns have custody of a criminal defendant over time, the general rule is that the sovereign who acquires custody first in time has primary jurisdiction over the defendant [i.e. in this case- it was the Federal Government on November 3,2009, and while released on Federal Bond the Federal Government jurisdiction over the petitioner was not relinquished]

-4-

Based upon general rule of sovereign principles Petitioner Hector Federal
sentence commenced on Novermber 3,2009, end[ed] on or about October 15,2019,
including 540 GTC.

In contrary to the above well established fact[s] "the Designation and
Sentence Computation Center (DSCC) calculated the petitioner sentence
beginning on July 9,2019, the day he were released from the state'.' The DSCC
credit the petitioner for October 02,2009 (arrest date) through November 03,
2009 (released on bond). However, the DSCC refused to credit the petitioner's
with nearly five year[s] he had served in BOP's custody prior to being loan
to state authority. Mainly because the BOP's held that, "the dates of
December 28,2009, through July 08,2019, were applied to the state sentence."
Here, the BOP's got it all wronged because the petitioner is not asking about
any jail credit, he is seeking credit of nearly five years he served in the
BOP's custody prior to being loan to the state.

Petitioner has now served over his applicable 120 months term of
imprisonment and should be release[d] immediately from detention that clearly
in violation of Federal laws or United States Constitution.

The BOP's lacked the authority to credit nearly five (5) years served
in Federal Government custody to a state sentence that was imposed many years
after Federal sentence was imposed. This decision by the BOP's holding that
nearly five (5) years served in our custody was credit toward state sentence,
direct conflict with §3585(b), it is a derivative of human error committed by
United States Marshal Service failure to regain Federal custody after loaning
the petitioner to state custody for prosecution on other state crimes.

Petitioner is asking for immediately release, accordance to Federal
Laws he had served sufficient time in order to complete[d] his Federal sentence.

The BOP's reliance on 18 U.S.C.§3585(a), as reference in Program Statement 5880.28, Sentence Computation manual (CCCA of 1984) policy is substantially prejudicial to the correct determination of Petitioner's time served previously in BOP's custody.

Petitioner prays this Court will intervene, and issue Writ of Habeas Corpus.

## MEMORANDUM BRIEF
## SUPPORTING CASE LAW

A petition for a writ of habeas corpus under 28 U.S.C. §2241 is the proper vehicle for challenges to the administration or computation of a sentence. See Walker v. O'Brien, 216 F.3d 626, 629 (7th Cir.2000); Valona v. United States, 138 F.3d 693, 694 (7th Cir.1998); Carmine v. United States, 974 F.2d 924, 927 (7th Cir.1992)(citation omitted). Under 18 U.S.C.§3585(b), the Bureau of Prisons must apply sentence credit for "any time [the defendant] has spent in official detention prior to the date the sentence commences" and "that has not been credited to another sentence." Id. However, "§3585(b) does forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence." See also United States v. Ross, 219 F.3d 592, 594 (7th Cir.2000); United States v. Walker, 98 F.3d 944, 945 (7th Cir.1996). Finally, the BOP "has the authority to determine when to give a defendant credit against a sentence for time he has served.'" Pope v. Perdue, 889 F.3d 410, 417 (7th Cir.2018)(quoting United States v. Jones, 34 F.3d 495, 499 (7th Cir.1994)).

In the instant case, the Petitioner's legal cause[d] of action is totally extinguished from many other Federal cases that may had came before this

court's previously. That is, "because §3585(b) does not apply to circumstances where defendant's served nearly 5 years on his criminal case in Federal Government primary custody and due to writ for habeas corpus ad prosequendum was sent to state authority in Puerto Rico for prosecution which he was sentenced to additional 8 years term of imprisonment. Subsequently, after being sentence by Puerto Rico state authority the petitioner's was not immediately return[ed] back to his primary custodian Federal Government but served his entired 8 years in state custody.

Now, the BOP's conclusion that Hector's time served in Federal Government primary jurisdiction which consist of approximately 5 years prior to being loan to state authority under the state writ for habeas corpus ad prosequendum could not be applied to his federal sentence is consistent with the law. Certainly, this is totally inconsistent with Federal law. The "official post federal detention" during five years periods of time served in BOP's custody, that designation does suggest that the BOP's decision is incorrect. To begin, the BOP agreed that Hector's federal sentence started on November 3,2009, so Hector is entitled to approximately 5 years with respect to that period of time spent in BOP's custody prior to issue[d of the state writ for habeas corpus ad prosequendum. As for the earlier 2009 and 2015 periods of time that Hector served in BOP's custody, the doctrine of primary custody dictates that an inmate's federal sentences only after the government exercise primary jursidiction over him. Pope, 889 F.3d at 417 (citing Loewe v. Cross, 589 F.App'x 788, 789 (7th Cir.2014); Elwell v. Fisher, 716 F.3d 477, 481 (8th Cir.2013); Binford v. United States, 436 F.3d 1252, 1256 910th Cir. 2006)). Since the 2009 and 2015 periods of time when Hector was being held in BOP's primary jurisdiction prior to any state writs of habeas corpus

-7-

ad prosequendum being issued constituted primary custody, inconsistent with the BOP finding, Hector has legal basis to assert he was actually serving his federal sentence from 2009 through 2015 prior to issue state writ at that time.

In conclusion, Hector's challenge to the BOP's determination plainly has merit, and his petition must be GRANTED.

Petitioner's further seek any other relief that deem just and proper under the circumstance[s] herein.

Done on this ___4___ day of March, 2022.

Respectfully submitted,

Mr.Hector Carmona-Couvertier
USM No. 34022-069
FCC Coleman-Low
P.O.Box 1031
Coleman, Florida  33521-1031

-8-

DOCUMENTS INDEX

A -  ADMINISTATION BP/8 AND RESONSE

B- BP 9 - AND RESPONSE

C- BP 10 AND RESONSE

D- BP 11 AND RESPONSE

E  X  I  B  I  T    A


ADMINISTRATIVE    BP 8

COC 1330.17.B
May 22, 2015
Attachment A

## INFORMAL RESOLUTION FORM

NOTICE TO INMATE:  Bureau of Prisons Program Statement 1330.16 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9.  A separate form must be used for each issue.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

INSTRUCTIONS:  Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| Hector Carmona-Couvertier | 34022-069 | C-1 | _(signature)_ |
|---|---|---|---|
| Inmate Name | Register No. | Qtrs./Unit | Inmate Signature |

1.  Specific complaint (one 8 ½" x 11" continuation page may be attached):  I hereby request nunc pro tunc designation consistent with the undersigned's intent when the state term was amended to be concurrent with federal sentence. When two (2) different sovereigns have custody of a criminal defendant over time, the general rule is that the sovereign who acquires custody first in time has primary jurisdiction over the defendant.

2.  What efforts have been made by the inmate to resolve the complaint informally?  To whom has the inmate spoken?

This issue[s] has been discussed with Unit Team to no avail.

3.  What action does the inmate wish to be taken to correct the issue?  Given fact[s] that Federal Government had primary jurisdiction over the inmate in April,15,2010,due to prosecution in Case Number 09CR-00173-014(PG) until 2/20/2015 until he was "borrows" under the provisions of the writ for secondary custody from 2/20/2015 thru 7/9/2019 he is entitle[d] to receive[d] credit from 02/20/2015 thru 7/9/2019, because the primary reason for 'writ' custody is for the federal charge. BOP Program Statement 588.28,Sentence Computation Manual.

Correctional Counselor's Comments (including actual steps taken to resolve):

Denied. You have a State charge running consecutive to your Federal charge, therefore, you are NOT awarded jail credit during that time period. PS 5880.28

| Correctional Counselor _(signature)_ | 6/10/21 Date | Staff Circle One: |
|---|---|---|
| | | Informally Resolved    Not Informally Resolved |

Unit Manager's Review _(signature)_     6/10/21 Date

Unit Manager

Distribution by Correctional Counselor:

1. If complaint is informally resolved, maintain original on file in the Unit.

2. If complaint is not informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date: | 6/8/21 | 6/10/21 | 6/10/21 | 6/14/21 | 6/17/21 |
| Time: | 1:45 pm | 12:02 pm | 3:45 pm | 3:50/21 | 2:45 |
| Counselor: | JIMENEZ | M. THOMAS | M. THOMAS | M. THOMAS | M. THOMAS |

E X H I B I T           B

ADMINISTRATIVE REMEDY


BP     9

**Response to Administrative Remedy Case Number:  1085236-F1**

This is in response to your Request for Administrative Remedy
receipted on June 21, 2021, in which you are requesting a Nunc Pro
Tunc designation.  Specifically, you are requesting all the time spent
in state custody be awarded to your federal sentence as you bonded
from the state making your federal sentence run concurrent rather than
consecutive.

An investigation into this matter reveals you received a sentence in
the U.S. District Court, Puerto Rico, on January 12, 2012, for
Conspiracy to Possess With the Intent to Distribute at least one
hundred and ninety-six grams, but less than two hundred grams of
Cocaine Base 09CR00173-014 (PG), receiving a sentence of 120 months.
You were arrested by the Drug Enforcement Agency (DEA) on October 2,
2009.  You were released on Federal Bond on November 3, 2009.  Later
on December 28, 2011, you were arrested by state authorities in Puerto
Rico changing your primary jurisdiction to the state.  You were
arrested again by the U. S. Marshals Service on December 29, 2011.
You were sentenced by Puerto Rico for eight years and released on
July 9, 2019.

The Designation and Sentence Computation Center (DSCC) calculated your
sentence beginning on July 9, 2019, the day you were released from the
state.  You received prior credit for October 02, 2009 (arrest date)
through November 03, 2009 (released on bond).  The dates of
December 28, 2009, through July 08, 2019, were applied to the state
sentence.  The jail credit you are requesting has already been applied
to your state sentence.

Prior custody time credit is controlled by 18 U.S.C. § 3585(b), and
states, "A defendant shall be given credit toward the service of a
term of imprisonment for any time he has spent in official detention
prior to the date the sentence commences-- (1) as a result of the
offense for which the sentence was imposed; or (2) as a result of any
other charge for which the defendant was arrested after the commission
of the offense for which the sentence was imposed; that has not been
credited against another sentence."  In addition, your computation has
been reviewed and audited by the DSCC as accurate.

Therefore, based on the above information, your Request for
Administrative Remedy is **denied.**

If you are dissatisfied with this response, you may appeal by filing a
BP-10 to the Bureau of Prisons, Southeast Regional Office, Attn:
Regional Director, 3800 Camp Creek Parkway, SW, Building 2000,
Atlanta, GA 30331-6226, within 20 calendar days from the date of this
response.

Kathy P. Lane, Warden                    7/27/2021
                                         Date

U.S. DEPARTMENT OF JUSTICE ~~REQUEST FOR ADMINISTRATIVE REMEDY~~
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Carmona-Couvertier, Hector | 34022-069 | C-1 | FCC-Coleman-Low |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST** On June 10,2021, C-1 Unit Manager responded on BP8 that my State charge was order to run consecutive to the Federal charge, therefore, you're not awarded jail credit during that time period. Consequently, Unit Manager have misinterpret[ed] the legal basis for my argument. On or about April 15,2010 I was first prosecuted by Federal authority in Puerto Rico, the date of imposition of judgment was January 12,2012. While I was serving 120 months on that 1/12/2012 judgment,on February 20,2015 I was "borrow" from BOP's custody under the provisions of the Writ's for potential prosecution on State charges. After commenced on the State prosecution on March 12,2015, I was never return[ed] back to Federal custody to finish the Federal sentence imposed on January 12,2012, i.e. which I had start serving that federal sentence on April 15,2010. Given fact that Federal Government had primary jurisdiction on April 15,2010 and had start[ed] the federal sentence on 4/15/10 prior to State prosecution on 02/20/2015 - the BOP's lacked authority to stop federal sentence that commenced on 04/15/2010 so that State sentence which was imposed nearly 5 years later after federal sentence was imposed. Otherwise, the Federal sentence was complete[d] on or about October 15,2019. When two different sovereigns have custody of a criminal defendant over time, the general rule is that the sovereign who acquires custody first in time has primary jurisdiction over the defendant i.e. in this case - it was the Federal-Government. Based upon general rule of sovereign principles Inmate Carmona,Hestor sentence (120 months) start on 4/15/2010 and end on 10/15/2019, including 540 GCT, notwithstanding fact that his State sentence imposed nearly five years later was Order to run consecutive.

6-14-2021
_____
DATE

_Hector L C_
_____
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

Rcvd 6-21-21

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**        CASE NUMBER: 1085036 F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

_____
DATE

_____
RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)
APRIL 1982
USP LVN

E X H I B I T

C

BP - 10

**Response to Administrative Remedy Case Number: 1085236-F1**

This is in response to your Request for Administrative Remedy
receipted on June 21, 2021, in which you are requesting a Nunc Pro
Tunc designation. Specifically, you are requesting all the time spent
in state custody be awarded to your federal sentence as you bonded
from the state making your federal sentence run concurrent rather than
consecutive.

An investigation into this matter reveals you received a sentence in
the U.S. District Court, Puerto Rico, on January 12, 2012, for
Conspiracy to Possess With the Intent to Distribute at least one
hundred and ninety-six grams, but less than two hundred grams of
Cocaine Base 09CR00173-014 (PG), receiving a sentence of 120 months.
You were arrested by the Drug Enforcement Agency (DEA) on October 2,
2009. You were released on Federal Bond on November 3, 2009. Later
on December 28, 2011, you were arrested by state authorities in Puerto
Rico changing your primary jurisdiction to the state. You were
arrested again by the U. S. Marshals Service on December 29, 2011.
You were sentenced by Puerto Rico for eight years and released on
July 9, 2019.

The Designation and Sentence Computation Center (DSCC) calculated your
sentence beginning on July 9, 2019, the day you were released from the
state. You received prior credit for October 02, 2009 (arrest date)
through November 03, 2009 (released on bond). The dates of
December 28, 2009, through July 08, 2019, were applied to the state
sentence. The jail credit you are requesting has already been applied
to your state sentence.

Prior custody time credit is controlled by 18 U.S.C. § 3585(b), and
states, "A defendant shall be given credit toward the service of a
term of imprisonment for any time he has spent in official detention
prior to the date the sentence commences-- (1) as a result of the
offense for which the sentence was imposed; or (2) as a result of any
other charge for which the defendant was arrested after the commission
of the offense for which the sentence was imposed; that has not been
credited against another sentence." In addition, your computation has
been reviewed and audited by the DSCC as accurate.

Therefore, based on the above information, your Request for
Administrative Remedy is **denied**.

If you are dissatisfied with this response, you may appeal by filing a
BP-10 to the Bureau of Prisons, Southeast Regional Office, Attn:
Regional Director, 3800 Camp Creek Parkway, SW, Building 2000,
Atlanta, GA 30331-6226, within 20 calendar days from the date of this
response.

_____                _7/27/2021_____
Kathy P. Lane, Warden                           Date

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Carmona-Couvertier, Hector | 34022-069 | C-1 | FCC-Coleman-Low |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**   INMATE CARMONA-COUVERTIER CUSTODY VIOLATED U.S. CONSTITUTION

## Facts:

On October 2,2009, Inmate Carmona-Couvertier was arrested by the Drug Enforcement Agency (DEA), for Conspiracy to Possess With the Intent to Distribute at least one hundred and ninety-six grams, but less than two hundred grams of Cocaine Base 09CR00173-014 (PG). On November 3, 2009, Inmate Carmona-Couvertier were released on Federal Bond. Subsequently, while out on Federal Bond on Case Number 09CR0C173-014, he was arrested by state authorities on December 28,2011, by state authorities in Puerto Rico. On December 29,2011, Inmate Carmona-Couvertier was taken back into custody by the U.S.Marshals Service via violation of Federal Bond in Case Number 09CR00173-014, due to state authorities in Puerto Rico arrested. On January 12,2012, Inmate Carmona-Couvertier received a sentence in the U.S.District Court, Puerto Rico, 120 months in Case Number 09CR00173-014. In the midst of serving 120 months in federal custody which start on October 2,2009 date of his arrest until his release[d] on Federal Bond on November 3,2009 (approximately 31 days), and restart on December 29,2011(date)U.S.Marshals Service regained its primary custody via Federal Bond issued on 11/3/2009, approximately four (4) years later while serving 120 months in BOP's custody the State of Authorities for Puerto Rico issue[d] writ to attain-temporary-custody to prosecute Inmate Caromona-Couvertier on pending state charges which he was given additional eight years and released from state custody on July 9,2019. Now, the jurisdiction problem started in this case with the U.S.Marshal Service failure to regained custody after state prosecution. Secondly, BOP's lacked authority to award nearly 5 years served in its custody and award those 5 years as if inmate's had served such term in state custody.

| DATE 8/2/2021 | | SIGNATURE OF REQUESTER |
|---|---|---|

**Part B - RESPONSE**



| DATE | REGIONAL DIRECTOR |
|---|---|

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 1085236-R1

**Part C - RECEIPT**

CASE NUMBER: _____

| Return to: | | | | |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
| SUBJECT: | | | | |

| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |
|---|---|

E X H I B I T    D

BP        11

**Administrative Remedy No. 1085236-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy
Appeal, wherein you allege the Bureau of Prisons (Bureau) violated
federal laws and the United States Constitution by not applying
additional prior custody credit for time spent in state custody
when computing your sentence due to a discrepancy in your case
regarding primary jurisdiction. You contend you were in primary
federal custody when arrested. For relief, you request a nunc pro
tunc designation.

A review of your file reveals on October 2, 2009, you were arrested
by the Drug Enforcement Agency (DEA) and considered to be primary
federal custody. On November 3, 2009, you released from federal
custody via bond. However, charges remained pending for case
number 09CR00173-014(PG).

On December 28, 2011, you were arrested by state authorities in
Bayamon, Puerto for Negligent Homicide 2nd degree, Grave Corporal
Damage, Corporal Damage (x2), Reckless Driving, and Driving Under
the Influence, case number DVI2012G0029. This arrest changed your
primary jurisdiction to state custody. On December 29, 2011, you
were arrested by the United States Marshal Service (USMS) for bond
revocation for federal case number 09CR00173-014(PG).

On January 12, 2012, the United States District Court for the Judicial
District of Puerto Rico sentenced you to a 120-month term of
imprisonment for Conspiracy to Possess with Intent to Distribute at
Least One Hundred and Ninety-Six (196) Grams but Less Than Two Hundred
and Eighty (280) Grams of Cocaine Base, case number
09CR00173-014(PG). The respective judgment was silent regarding
how your sentence should run against any other sentence. After
sentencing you were appropriately returned to state custody.

The Bayamon District Court, Puerto Rico sentenced you to an
8-year term of imprisonment in case number DVI2012G0029, which
was ordered to run consecutive to the federal sentence. On
July 9, 2019, you satisfied your obligation with Puerto Rico
Department of Corrections and paroled to the USMS, becoming
exclusive federal custody.

The sovereign which first arrests an offender has primary
jurisdiction over an offender unless it relinquishes it to another
sovereign by bail release, dismissal of charges, parole release,
or expiration of sentence. When your federal sentence was imposed
you were under primary jurisdiction of state authorities. Your
appearance in federal court to address the charges against you
did not transfer the primary custodial jurisdiction. The Bureau
is responsible for executing the federal sentence imposed by the
Court and will maintain jurisdiction until you release from your
federal sentence.

Administrative Remedy No. 1085236-A1
Part B - Response
Page 2

Pursuant to Title 18 U.S.C. § 3585(a), as referenced in Program
Statement 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>, "A
sentence to term of imprisonment commences on the date the defendant
is received in custody awaiting transportation to the official
detention facility at which the sentence is to be served." The
federal sentencing court was silent. Therefore, the Bureau computed
a consecutive sentence which commenced on July 9, 2019, the date you
paroled from your state sentence. Furthermore, the Bureau applied
33 days of prior custody credit starting from October 2, 2009, through
November 3, 2009, as this time had not been applied toward any other
sentence pursuant to Title 18, USC § 3585(b), which states in
part, "A defendant shall be given credit toward the service of a
term of imprisonment for any time he has spent in official
detention prior to the date the sentence commences, **that has not been
credited against another sentence.**"

Your sentence has been computed as directed by federal statute, the
intent of the Court, and Program Statement 5880.28, <u>Sentence
Computation Manual (CCCA of 1984)</u>.

Accordingly, your appeal is denied.


_____          _____
2/14/22                                   Ian Connors, Administrator
Date                                      National Inmate Appeals

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball–point pen. If attachments are needed, submit four copies. One copy each of the completed BP–DIR–9 and BP–DIR–10, including any attach-
ments must be submitted with this appeal.

| From: | Carmona-Couvertier, Hector | 340022-069 | C-1 | FCI-Coleman-Low |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL** On December 13, 2021, I received a copy of the Regional Director respond on the BP10 from Unit Team Counselor Mr.Thomas. See, Administrative Remedy Appeal, Part B-Response at bottom of page barring the date and counselor signature.

In addressing the claims presented the Regional Director, SFRO held that "A review of your allegation determined the Warden's response adequately addressed the concerns raised in your Institutional Administraive Remedy". Also, Regional Director stated in accordance with PS 5160.05, "since the federal court was silent in regarding to to sentence imposed, a request for nunc pro tunc designation was sent to the Designation & Sentence Computation center (DSCC) and will be advised of the status of the request once they receive a response from the Court." Based on the court's response, jail credit will be reviewed for applicability toward my sentence. Due to the fact[s] that BOP's or its officals seem[s] have daily problem with telling the true regarding this issue[s] it is necessary that I continue to exhaust my remedies.

As set forth throughout the BP 8, BP9 and BP11 the way that BOP's calculated jail credit violated Federal Laws or the U.S.Constitution. As a resulted I am now serving term of imprisonment that Federal Laws or U.S. Constitution does not permit[s] or impermissible. Under p.S.5160.05 I am entitle[d] to nunc pro tunc designation consistent with the sentencing judge intent when the state term was amended to be concurrent with federal sentence. Additionally, when 2 different sovereigns have custody of a criminal defendant over time, the general rule is that the sovereign who acquires custody first is time has primary jurisdictional over the defendant. Here, the federal authority had jurisdictional first and defendant's commenced serving his sentence on April 15,2010 and complete[d] 120 months, award GCT sentence as early 2018.

| DATE 12-14-2021 | SIGNATURE OF REQUESTER *Hector L. C.* |
|---|---|

**Part B—RESPONSE**

RECEIVED

DEC 28 2021

Administrative Remedy Section
Federal Bureau of Prisons

| DATE | GENERAL COUNSEL |
|---|---|
| ORIGINAL: RETURN TO INMATE | CASE NUMBER: 1085256A1 |

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |
|---|---|

USP LVN    Printed on Recycled Paper

BP-231(13)
APRIL 1982

CERTIFICATE OF SERVICE

I, HECTOR CARMONA-COUVERTIER HEREVY CERTIFY that I have served a Copy
of the WRIT OF HABEAS CORPUS upon Clerk's Office, United States District
for the Middle District of Florida, Ocala Division, by depositing the same
into Institution legal mail box, postage prepaid, on this __4__ day of
February , 2022.

Respectfully submitted,

Hector Carmona-Couvertier
USM No. 34022-069
FCC Colema-Low
P.O.box 1031
Coleman, Florida
33521-1031

-9-



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ATTN: CLERK OF COURT
GOLDEN-COLLUM MEMORIAL FEDERAL
BUILDING & US COURT HOUSE
207 NW SECOND STREET, ROOM 337
OCALA, FLORIDA
34475-6666

SCREENED
By USMS

Mr.Carmona-Couvetier Hector, USM No. 34022-069
FEDERAL CORRECTIONAL COMPLEX-LOW
P.O.BOX 1031
COLEMAN FLORIDA
33521-1031

Legal/Mail